IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY COLEMAN, | § | |
| | § | No. 3:25-mc-02-X-BN |
| Plaintiff. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sidney Coleman initiated this miscellaneous action through a filing titled Miscellaneous Filing for Judicial Review. *See* Dkt. No. 2. Coleman then filed a motion for summary judgment. *See* Dkt. No. 4. And United States District Judge Brantley Starr referred Coleman's action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

As the caption above reflects, Coleman's filings fail to name a defendant.

This is not a case of using a John Doe defendant as a placeholder. *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))).

Instead, in the case opening document (drafted on the form for *pro se* complaints), Coleman simply writes "Omit" for Defendant. *See* Dkt. No. 2 at 1.

This omission implicates – most importantly – the Court's subject matter jurisdiction: its "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1).

Consequently, Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016).

"At the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) ("Standing of the constitutional variety – the well-known injury, causation, and redressability trifecta [that is often called 'Article III standing'] – is a question of subject matter jurisdiction.").

And "[t]he party invoking federal jurisdiction has the burden of proof to show standing." *Summers v. Louisiana*, No. 22-30763, 2023 WL 4265758, at *1 (5th Cir. June 29, 2023) (per curiam) (citing *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir.

2015)); *see also Hopkins v. Hosemann*, 76 F.4th 378, 392 (5th Cir. 2023) ("The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." (cleaned up)).

Because Coleman has not named a defendant or otherwise identified a personal injury traceable to a particular defendant's allegedly unlawful conduct, Coleman has not shown that this action presents an actual case or controversy, such that the Court has subject-matter jurisdiction, and, so, the power, to adjudicate. *See Robinson v. Kimbrough*, 558 F.2d 773, 774 (5th Cir. 1977) (en banc) ("There being no defendants in the case who have any duty, power or authority with respect to the challenged provision of [the statute], the claim that it is unconstitutional, facially or as applied, was not an actual controversy between real parties. It lacked 'the "exigent adversity" which is an essential condition precedent to federal court adjudication.'" (quoting *Gras v. Stevens*, 415 F. Supp. 1148, 1150 (S.D.N.Y. 1976) (three-judge court) (Friendly, J.))).

The Court should therefore dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE